**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JEFFREY HOWARD,**

         **Plaintiff,**

 vs.               **1:12-CV-757**
                      **(MAD/RFT)**

**KATHRYN M. BARBER,**

         **Defendants.**
_____

**APPEARANCES:**         **OF COUNSEL:**

Jeffrey Howard
589 Clinton Avenue
Albany, NY 12206
518-436-9476
*Plaintiff Pro Se*

Murphy, Burns, Barber & Murphy, LLP   Peter G. Barber, Esq.
226 Great Oaks Boulevard
Albany, NY 12203
*Attorneys for Defendant*

**Mae A. D'Agostino, U.S. District Judge:**

           **MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

   On May 7, 2012, plaintiff commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendant Kathryn M. Barber ("defendant" or "Barber") alleging lack of effective assistance of counsel. Presently before the Court is defendant's motion for dismissal of plaintiff's complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Dkt. No. 6). Plaintiff has not opposed the motion.

## II.     THE COMPLAINT[1]

After a jury trial, plaintiff was convicted of criminal sale and criminal possession of a controlled substance in the third degree and unlawful possession of marijuana for which he was sentenced as a second felony offender to, *inter alia*, 12 ½ to 25 years imprisonment. *See People v. Howard*, 21 A.D.3d 585 (3d Dep't 2005).  On June 7, 2010, plaintiff was re-sentenced to two concurrent determinate terms of nine years and six months with three years of post-release supervision for third degree criminal sale of a controlled substance and third degree criminal possession of a controlled substance and unlawful possession of marijuana.  On August 17, 2010, a Decision and Order was entered by the Third Department granting plaintiff's motion for assignment of counsel and ordered Kathryn M. Barber to represent plaintiff on his appeal.  On August 19, 2010, plaintiff sent a letter to defendant regarding his appeal.  On November 16, 2010, defendant sent a letter to plaintiff advising that she was reviewing transcripts.  On December 10, 2010, defendant responded to plaintiff and indicated that she was "continuing legal research for your appeal" and requested additional background information.  On March 8, 2011,  July 25, 2011, and August 20, 2011, plaintiff sent letters to defendant.   On September 27, 2011, plaintiff sent a letter to defendant acknowledging that defendant requested a 60 day extension of time to file a brief and inquired as to the status of the brief.

On November 10, 2011, plaintiff sent a letter to Hon. Anthony V. Cordona advising that he was, "no longer able to have an attorney/client relationship" with defendant and asked to proceed *pro se* or for new counsel.  On November 23, 2011, the Assistant Deputy Clerk for the Third Department responded to plaintiff's letter and denied the request.  A copy of the denial was forwarded to defendant.  On December 15, 2011 and February 15, 2012, plaintiff sent additional

---

[1] In reviewing the complaint and plaintiff's annexed submissions, the Court accepts as true all factual allegations and draws all reasonable inferences in plaintiff's favor for purposes of the pending motion.

2

letters to defendant. On February 28, 2012, plaintiff wrote to the Third Department requesting that the court compel defendant to file a brief on his behalf. On March 9, 2012, the Assistant Deputy Clerk responded to plaintiff's letter and advised that defendant had until April 9, 2012 to perfect the appeal. A copy of the letter was forwarded to defendant. On April 10, 2012, plaintiff forwarded a Notice of Motion to file a *pro se* Supplemental Brief and supporting papers to the Third Department. On April 17, 2012, plaintiff wrote to the Committee on Professional Standards with a "formal complaint" against defendant claiming professional misconduct. On April 25, 2012, Peter M. Torncello, Chief Attorney, responded to plaintiff's letter advising, "[t]his office will defer commencement of its investigation pending the completion of your appeals".

On May 7, 2012, plaintiff commenced the within action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint asserts three causes of action alleging: lack of effective assistance of counsel; lack of adherence to the New York State Appellate Division's order; and unprofessional conduct and willful neglect. Plaintiff seeks compensatory damages and asks that counsel be "disbarred from the practice of law".

On June 1, 2012, defendant moved for dismissal. On July 2, 2012, the Court sent a Notice to plaintiff advising that defendant moved to dismiss the lawsuit. The Court advised that any response was due on July 16, 2012. (Dkt. No. 9). The Court has received no response from plaintiff.

## III.   DISCUSSION

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the

3

pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

Despite this recent tightening of the standard for pleading a claim, complaints by *pro se* parties continue to be accorded more deference than those filed by attorneys. *See Erickson v.*

4

*Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted).  As such, *Twombly* and *Iqbal* notwithstanding, this Court must continue to "'construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'"  *Weixel v. Bd. of Educ.*, 287 F.3d 138, 146 (2d Cir. 2002) (quotation omitted).

To prevail on a claim under § 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and laws; (2) by a person acting under the color of state law.  42 U.S.C. § 1983.  An individual acts under "color of state law" when he or she exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *Polk County v. Dodson*, 454 U.S. 312, 317–18 (1981) (quoting *U.S. v. Classic*, 313 U.S. 299 (1941)).  It is well settled in this Circuit that court appointed appellate counsel does not act "under color of state law" and is therefore, not subject to suit under 42 U.S.C. § 1983.  *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997); *see also Brown v. Rehnquist*, 2002 WL 32394848, at *2 (E.D.N.Y. 2002) (appellate counsel did not act under the color of state law when he represented the plaintiff).

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted).  Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted).  In this matter, plaintiff has not opposed the motion and more importantly, substantive issues are fatal to plaintiff's claim.  Therefore, allowing plaintiff to amend the complaint would be futile.

**IV.    CONCLUSION**

5

**IT IS HEREBY**

**ORDERED**, that defendant's motion to dismiss plaintiff's complaint in its entirety (Dkt. No. 6) is **GRANTED**.

The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: January 17, 2013
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge